**Vincent Darrell ADAMS,
Plaintiff–Appellant,**

v.

**John MINOGUE, Detective,
Defendant–Appellee.**

No. 03–5415.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2003.

Vincent Darrell Adams, pro se, West Liberty, KY, for Plaintiff–Appellant.

Before SILER, DAUGHTREY, and GIBBONS, Circuit Judges.

*ORDER*

Vincent Darrell Adams, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Adams initiated this action against Detective John Minogue, Detective of the Domestic Violence Unit of the Jefferson County Police Department. He sues defendant Minogue in his individual capacity and seeks monetary and punitive damages.

According to the complaint, defendant Minogue "illegally entered" Adams's apartment on June 10.2001, while Adams "was away." Defendant Minogue additionally "conducted an illegal search." Adams claims that the "search was illegal because the defendant entered [Adams's] apartment while no exigent circumstances existed, and without the benefit of a search warrant." During the search, defendant Minogue photographed several areas and items in Adams's master bedroom, dining room, and kitchen. "As a result of this illegal entry and search the defendant Detective John Minogue maliciously charged [Adams] ... with Intimidating a witness. Terroristic threatening, and Menacing under the laws of the city of Louisville." Adams claims a violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. The district court dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) in light of the holding in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). This appeal followed.

The district court's order is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Upon review, we conclude that Adams's complaint is barred by *Heck.* In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. 2364. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.* at 487, 114 S.Ct. 2364; *see also Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus

proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence).

As Adams's conviction has not been invalidated, any ruling on Adams's arguments would call into question the validity of his conviction. Thus, the district court did not err in dismissing Adams's civil rights complaint. *Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.